UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

BUILDERS BANK, an Illinois State
Chartered Bank,

        Plaintiff,      <u>ORDER</u>

                              CV 2008-3575 (MDG)
   - against -

NORTHERN FUNDING, LLC, <u>et</u> <u>al.</u>

        Defendants.

- - - - - - - - - - - - - - - - - -X

    Plaintiff Builders Bank moves for entry of deficiency judgment in favor of the plaintiff and against defendant Yaron Herscho.

    On September 3, 2008, plaintiff commenced this action to foreclose two mortgages upon several parcels of real property located at 1482 and 1496-1522 Prospect Place, Brooklyn, New York (the "Premises"). <u>See</u> ct. doc. 1. On September 23, 2011, this Court granted plaintiff's motion for default judgment of foreclosure and sale in the amount of $3,457,842.87, inclusive of attorneys' fees and costs, plus accrued interest on the outstanding principal of $2,503,646.70 from June 10, 2010. <u>See</u> ct. doc. 54. The Court also found that the full amount of any default judgment should be assessed against Yaron Herscho as the unconditional guarantor under the Notes. The Court subsequently

entered a Judgment of Foreclosure and Sale on September 27, 2011. See ct. doc. 55. In the Judgment of Foreclosure and Sale, the Court directed that "[i]f the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Master [conducting the sale] shall specify the amount of such deficiency in his report of sale." See id. at 7.

On June 19, 2012, the Master filed a report of sale. See ct. doc. 63. The Master stated that following publication of notice of sale, the Premises were sold at public auction to plaintiff as the highest bidder for $2,188,000.00. The Master further stated that he credited the plaintiff certain amounts for attorneys' fees, costs, interest, advertising expenses, taxes and insurance as described in a Statement attached to the report. After crediting those amounts to plaintiff and deducting the bid price, the Master found a deficiency in the amount of $1,925,627.11.

Upon reviewing the Master's report of sale and the previous filings and proceedings herein, the Court finds several errors in the Master's Statement of amounts due. First, the Master incorrectly calculated pre-judgment interest due to plaintiff. The Master calculated interest from June 11, 2010 to September 27, 2011 (the date of entry of the Judgment of Foreclosure and Sale) based on the total amount of the default judgment rather than the principal due on the mortgages. Significantly, since

applicable loan documents provide that default interest should be calculated on the basis of a 360 day year and the actual number of days elapsed, there should be no compounding of interest. See Restated Building Loan Note at ¶¶ 2, 3 (ct. doc. 5-4); Standing Loan Note ¶¶ 2, 3 (ct. doc. 5-3). Second, the Master also undercounted the number of days between the two dates by 368 days. The correct calculation of interest is: $2,503,646.70 (principal due) x 24% (default interest rate) = $600,875.21 / 360 days = $1,669.10 per day x 474 days = $791,152.36.

Second, the Master calculated post-judgment interest at the rate of 9%, the New York statutory interest rate applicable to breach of contract actions. In federal court, post-judgment interest is governed by 28 U.S.C. § 1961 which provides that interest be calculated daily at a rate equal to the weekly average 1 year constant maturity Treasury yield for the calendar week preceding. See 28 U.S.C. § 1961. The interest rate for the week ending September 23, 2011 was 0.10%. See http://www.federalreserve.gov/releases/h15/20110926. Thus, the correct calculation of post-judgment interest from September 28, 2011 to March 15, 2012 (the date of sale) is $3,457,842.87 x 0.10% = $3,457.84 / 365 days = $9.47 per day x 170 days = $1,609.90. Interest continues to accrue on the deficiency of $2,193,197.08 from the date of sale at the rate of $6.00 per day ($2,193,197.08 x 0.10% = $2,193.20 / 365 days).

Third, the Master included an amount for attorneys' fees and

costs that this Court previously awarded and that was already included in the Court's calculation of the amount of the judgment. Thus, plaintiff should not have been credited for $124,446.00 in attorneys' fees and $909.25 in costs.

Accordingly, the correct amount due on the notes and mortgages is $4,248,995.23. The correct amount to be credited plaintiff, including post-judgment interest, is $132,192.38 as summarized below:

**Amount due on Notes as of Date of Sale**

| | |
|---|---:|
| Amount due, as per judgment | $ 3,457,842.87 |
| Interest from 6/11/10 - 9/27/11 ($1,669.10/day x 474 days) | 791,152.36 |
| | $ 4,248,995.23 |

**Additional Costs and Interest**

| | | |
|---|---:|---:|
| Post-judgment interest from 9/28/11- 3/15/12 ($9.47/day x 170 days) | | |
| Advertising expenses | 13,056.00 | |
| NYS Transfer tax on deed | 7,200.00 | |
| NYC Transfer Tax on deed | 57,435.00 | |
| Taxes/liens/insurance Paid | 52,391.48 | |
| Referee's fees | 500.00 | |
| Total: | | **132,192.38** |

| | |
|---|---:|
| **Less Bid Price** | **(2,188,000.00)** |
| **Total Deficiency:** | **$ 2,193,187.61** |

Further, in the absence of any contrary evidence, I accept the broker's opinion dated April 2, 2012 submitted by plaintiff stating that the current value of the Premises is $1,800,000 (see ct. doc. 66) as the "fair and reasonable market value" of the Premises as of the date the Premises were bid on at auction.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment in the amount of $2,193,187.61 plus post-judgment interest at a daily rate of $6.00 from March 15, 2012 in favor of the plaintiff and against defendant Yaron Herscho pursuant to section 1371 of the New York Real Property Actions Law, that sum being the deficiency over and above the sale price of the real property of $2,188,000.00.

**SO ORDERED.**

Dated:    Brooklyn, New York
          October 16, 2012

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE